BLD-058                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1890
_____

JOHN W. MCGILL,
                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-00031)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 19, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: November 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John McGill appeals from an order of the United States District Court for the District of New Jersey, which dismissed his complaint for declaratory judgment. We will vacate the District Court's order and remand for further proceedings.

McGill's complaint, brought pursuant to 28 U.S.C. § 2201 and 8 U.S.C. § 1503(a), sought a declaratory judgment that he is a citizen of the United States. The District Court entered an order stating that it had sua sponte reviewed the complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure and Ashcroft v. Iqbal, 556 U.S. 662 (2009), and had determined that the complaint failed to state a claim upon which relief could be granted. The Court stated, "Plaintiff seeks relief that is beyond the jurisdiction of the court," and stated that amendment would not be allowed, as it would be futile. McGill timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's order dismissing McGill's complaint. We exercise plenary review over a district court's decision to dismiss for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court had jurisdiction to consider the merits of McGill's complaint pursuant to 8 U.S.C. § 1503(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201. Section 1503(a) provides that "any person who claims a right or privilege as a national of the United States and is denied such right or privilege can institute an action for a judgment declaring him to be a national of the United States." See Mathin v. Kerry, 782 F.3d 804, 805 (7th Cir. 2015). The statute provides for a de novo determination of citizenship by the district court. Id. McGill's complaint states that he sought a certificate

2

of citizenship and that it was denied.  The District Court did not provide any legal reasoning for its determination that it lacked jurisdiction over McGill's complaint, and we are unaware of any legal reason why the District Court could not adjudicate it.

For the foregoing reasons, we will vacate the District Court's order and remand for further proceedings.