ALD-108                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2219
_____

JOHN MCGILL,
                    Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-15-cv-00031)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 25, 2018

Before:  MCKEE, VANASKIE, and SCIRICA, Circuit Judges

(Opinion filed: June 26, 2018)

OPINION[*]

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John McGill, a New Jersey state prisoner proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint seeking a declaratory judgment. We will affirm the judgment of the District Court.[1]

McGill filed a complaint pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201 against the Attorney General of the United States and the United States. McGill alleged that United States Citizenship and Immigration Services ("USCIS") denied his application for a certificate of citizenship after he was unable to provide his birth certificate and other documents. McGill sought a declaratory judgment that he is a United States citizen and that he is entitled to a certificate of citizenship. He attached to his complaint the decisions he received from USCIS and incorporated them therein.

The District Court sua sponte dismissed the complaint, stating that McGill sought relief that was beyond the jurisdiction of the court. On appeal, we vacated the District Court's order. Noting that the District Court had not provided legal reasoning for its ruling, we concluded that the District Court had jurisdiction to consider the merits of McGill's complaint under 8 U.S.C. § 1503(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201. McGill v. Att'y Gen., 623 F. App'x 49 (3d Cir. 2015) (per curiam) (non-precedential).

---

[1]McGill's motion to reopen his appeal and motion to proceed in forma pauperis are granted. McGill must pay the full filing fee in installments. The Clerk shall issue an order addressing payment of the fee.

On remand, the defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. The defendants asserted that McGill alleged that he is a United States citizen by virtue of his birth in the United States and that certificates of citizenship may only be granted to Americans who have derived or acquired citizenship through means other than birth in the United States. The defendants also moved to dismiss the complaint for lack of jurisdiction and argued that the facts alleged in McGill's complaint did not satisfy 8 U.S.C. § 1503(a), which allows a declaratory judgment action where an agency denies a right on the ground that the individual is not a United States citizen.

The District Court agreed with the defendants that McGill, who claims that he was born in South Carolina, is not eligible to receive a certificate of citizenship and granted the Rule 12(b)(6) motion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. In re Asbestos Products Liab. Litig. (No. VI), 822 F.3d 125, 131 (3d Cir. 2016).

Subject to certain exceptions, a person who claims a right or privilege as a United States national that is denied upon the ground that he is not a United States national may bring an action under 28 U.S.C. § 2201 for a judgment declaring him to be a United States national. 8 U.S.C. § 1503(a). As noted above, we have ruled that the District Court had jurisdiction to consider the merits of McGill's complaint, which alleged that he sought a certificate of citizenship and that a certificate was denied.

3

We agree with the District Court that, to the extent McGill seeks a declaration that he is entitled to a certificate of citizenship from USCIS, he fails to state a claim for relief. Certificates of citizenship are issued to persons who became citizens through naturalization of a parent or husband or by virtue of statutes addressing the citizenship of persons born outside the United States. See 8 U.S.C. § 1452. McGill states that he was born in South Carolina and the statute does not provide for the issuance of a certificate of citizenship to persons born in the United States. Based on this conclusion, it follows that the District Court was not required to determine whether McGill is in fact a United States citizen. Even accepting McGill's allegations as true, the certificate that he seeks is unavailable to him.[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2]To the extent there is a question whether McGill exhausted his administrative remedies before filing his declaratory judgment action, we do not consider this issue because the District Court did not need to adjudicate McGill's citizenship claim.